**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| COUNTY OF CAPE MAY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 23-21201 KMW-SAK <br><br> **MEMORANDUM OPINION AND ORDER** |

**WILLIAMS, District Judge:**

This matter arises out of a request by Plaintiffs County of Cape May, County of Cape May Chamber of Commerce, Clean Ocean Action, the Garden State Seafood Association, Greater Wildwood Hotel and Motel Association, LaMonica Fine Foods, Lund's Fisheries, and Surfside Seafood Products ("Plaintiffs") to invalidate approvals and permits from the United States Bureau of Ocean Energy Management ("BOEM") and other federal agencies for the construction of the Ocean Wind 1 Project (the "Project"), a 161,000-acre wind farm to be built offshore of the County of Cape May, New Jersey. Plaintiffs bring the instant action against Defendants United States of America; the United States Department of Interior; Deb Haaland, in her official capacity as Secretary of the Interior; the Bureau of Ocean Energy Management; Liz Klein, in her official capacity as Director of the Bureau of Ocean Energy Management, the National Marine Fisheries Service, and Janet Coit, in her official capacity as Administrator of the National Marine Fisheries Service (collectively, "Defendants"), alleging the approvals to construct the Project violate federal statutory and regulatory requirements. Ocean Wind LLC, the owner and developer of the Project, filed a Motion to Intervene and Defer Filing Answer ("Motion") (ECF No. 10), Plaintiffs opposed

the Motion (ECF No. 11), and Ocean Wind LLC filed a reply thereto. (ECF No. 12) Defendants do not support or oppose Ocean Wind LLC's Motion. The Court decides the instant Motion without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons that follow, the Court **GRANTS** Ocean Wind LLC's Motion.

On July 3, 2023, BOEM approved a Construction and Operations Plan ("Plan") for the Project by issuing a Record of Decision. Compl. at 2. The Record of Decision, a final agency approval, together with BOEM's approval of an environmental impact statement for the Project and various other permits from other federal agencies, provides Orsted North America ("Orsted"), the company that will construct the Project, authorization to begin surveying and testing preparation for construction. *Id.* The approvals issued by BOEM and other federal agencies are final agency actions under the Administrative Procedure Act. *Id.* Under these approvals, "turbine generators and associated facilities will be installed [as part of the Project] approximately 15 miles off the coast of southern New Jersey on the [Outer Continental Shelf] in federal waters in the Atlantic Ocean," within an area covered by a renewable energy lease by BOEM. Ocean Wind LLC's Brief ("Ocean Wind LLC's Br.") at 3-4. Cables in the area will connect the offshore wind energy facilities to an existing onshore electrical grid in New Jersey. *Id.* at 4. The Project is part of efforts by both the federal government and the State of New Jersey to fight climate change. *Id.*

On October 17, 2023, Plaintiffs filed a seven-count Complaint, alleging approvals to construct the Project fail to comply with the Administrative Procedure Act, 5 U.S.C. § 701-706; the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370h; the Endangered Species Act, 16 U.S.C. §§ 1540(g)(1)(A), (B); the Marine Mammal Protection Act, 16 U.S.C. § 1371; the Migratory Bird Treaty Act, 16 U.S.C. § 703; the Coastal Zone Management Act, 16 U.S.C. § 1451; and the National Historic Preservation Act, 54 U.S.C. §§ 300101-307101. *See generally* Compl.

Plaintiffs allege their interests are "dependent upon the natural state of the ocean" and would be "irreparably harmed if the challenged actions are not reversed." *Id.* at 3. Plaintiffs request that the Court invalidate the approvals of the Project "until and unless the federal government complies with the relevant statutes and regulations." *Id.* On October 27, 2023, Ocean Wind LLC filed the instant Motion. (ECF No. 10) Since the filing of Ocean Wind LLC's Motion, Orsted announced that following a decision by its Board of Directors, Orsted would "cease development" of the Project due to "significant impacts from macroeconomic factors, including high inflation, rising interest rates and supply chain constraints." Opposition Brief ("Opp'n Br.") at 6 (quoting Press Release, Orsted, Orsted Ceases Development of Ocean Wind 1 and Ocean Wind 2 and Takes Final Investment Decision on Revolution Wind (Oct. 31, 2023), https://us.orsted.com/news-archive/2023/10/orsted-ceases-development-of-ocean-wind-1-and-ocean-wind-2). Orsted further stated that it intended to "retain the seabed lease area and consider the best options as part of the ongoing portfolio review." *Id.* Since the filing of the instant Motion, Defendants have filed a motion to dismiss for lack of jurisdiction.[1] (ECF No. 38)

Pursuant to Federal Rule of Civil Procedure 24, a movant may intervene in an ongoing proceeding either (1) as a matter of right or (2) by a court's permission. Fed. R. Civ. P. 24(a)-(b). The Court must allow intervention if the movant:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede

---

[1] The Court is mindful that the motion to dismiss is pending. While the Court does not address the motion herein, it notes Defendants' argument that the instant action is "unfit for adjudication, on grounds of mootness or ripeness" because Orsted has publicly stated it is halting the Project and, at their request, "operations permitted in the lease area at issue have recently been suspended for up to two years." (ECF No. 38-1) Plaintiffs, on the other hand, argue that Orsted "has since clarified that it is not abandoning [the Project]" and that the suspension of the lease allows the company to address various economic issues. (ECF No. 39 at 1) Plaintiffs further argue that the instant action does not challenge the lease but instead challenges final agency actions involving permits and authorizations "which remain in full force exactly as issued." *Id.* at 1-2. Given the arguments posited by the Parties, the Court's disposition of Ocean Wind LLC's request to intervene will proceed.

> the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)-(2).

"A potential intervenor must satisfy four criteria to succeed on a motion pursuant to Rule 24(a)(2): '(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Territory of the Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). Courts liberally construe Rule 24(a) "in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992).

Alternatively, a court may permit intervention pursuant to Rule 24(b) if the motion has been timely filed and the movant (1) "is given a conditional right to intervene by a federal statute" ; (2) "has a claim or defense that shares with the main action a common question of law or fact"; or (3) is a federal or state governmental officer or agency and the movant's "claim or defense is based on: (A) a statute or executive order administered by the officer or agency[,] or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(1)-(2). "In exercising its discretion, [a] court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. Fed. R. Civ. P. 24(b)(3).

To demonstrate a right to intervene, Ocean Wind LLC must establish that (1) its motion is timely, (2) it has a sufficient interest in the litigation, (3) this interest may be affected or impaired by the disposition of the litigation, and (4) this interest is not adequately represented by Defendants. *Virgin Islands*, 748 F.3d at 519.

First, Ocean Wind LLC's Motion is timely. The timeliness of a motion to intervene is determined from all of the circumstances, including "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005); *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982)). The "mere passage of time . . . does not render an application untimely . . . . [However,] the critical inquiry is: what proceedings of substance on the merits have occurred." *Choike v. Slippery Rock Univ. of Pa. of State Sys. of Higher Educ.*, 297 F. App'x 138, 141 (3d Cir. 2008). The stage of the proceeding "is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved." *Id.* (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369-70 (3d Cir. 1995)).

Ocean Wind LLC moved to intervene less than two weeks after Plaintiffs filed their Complaint in this Court. Thus, there is no evidence that Ocean Wind LLC delayed in seeking intervention. Indeed, Plaintiffs do not argue that Ocean Wind LLC's Motion is untimely. Moreover, the Court has not ruled on any substantive issue and no dispositive motions were filed prior to the filing of the instant Motion. *See, e.g., Mountain Top Condo. Ass'n*, 72 F.3d at 370 (finding motion to intervene timely filed even though, during a four-year period, written discovery and settlement negotiations had occurred prior to filing of motion and noting "no depositions [had been] taken, dispositive motions filed, or decrees entered [into]"). Since Ocean Wind LLC's filing of the instant Motion, Defendants have filed a motion to dismiss for lack of jurisdiction. However, the Court has not yet ruled on that motion, and its filing alone does not defeat the timeliness of Ocean Wind LLC's instant Motion. *See Worthington v. Bayer Healthcare LLC*, Nos. 11-2793, 11-3017, 11-3299, 2011 WL 6303999, at *4 (D.N.J. Dec. 15, 2011) (filing of motion to intervene did

5

not defeat court's finding of timeliness even though motion to dismiss was pending). As the case is at such an early stage, Ocean Wind LLC's intervention would not delay or prejudice the rights of the existing parties. As a result, Ocean Wind LLC satisfies the first prong of Rule 24(a)(2).

Second, Ocean Wind LLC has demonstrated a sufficient interest in the litigation. Under this factor, the intervenor's interest "must be one that is 'significantly protectable,'" such that it has demonstrated a "legal interest" in the action that faces a "tangible threat to a legally cognizable interest to have the right to intervene" based on the outcome of the litigation. *Harris*, 820 F.2d at 596, 601. Ocean Wind LLC argues that it has significantly protectable interests in the Project approvals because without an approved Plan, Ocean Wind LLC cannot construct wind energy facilities for commercial operations on the lease it has on the Outer Continental Shelf. Ocean Wind LLC's Br. at 11. Ocean Wind LLC further contends that if the relief Plaintiff seeks was to be granted, Ocean Wind LLC would suffer financial losses and delay of the Project. *Id.* at 13. In its opposition, Plaintiff argues Ocean Wind LLC's interest in the litigation no longer exists because, in light of an announcement by Orsted – issued days after the filing of Ocean Wind LLC's instant Motion – to cease development of the Project, Ocean Wind LLC's protectable interest in the litigation has "disappeared." Opp'n Br. at 6. Ocean Wind LLC argues that despite the recent announcement to cease construction of the Project, that decision does not defeat its "significantly protectable" interest because it still holds the federal approvals Plaintiffs challenge and thus, would still be affected by the relief sought. Ocean Wind LLC's Reply Brief at 2-3.

Here, the Court agrees with Ocean Wind LLC. While, at this time, Orsted has decided not to pursue the Project, Ocean Wind LLC still has the approvals required to construct the Project. The decision not to pursue the Project does not defeat the interest Ocean Wind LLC has in this litigation to defend the approvals they have over the area covered by the renewable energy lease.

6

If the Court were to adopt Plaintiffs' logic, the decision to cease construction of the Project would essentially moot the request Plaintiffs make in the instant action to invalidate the approvals to construct the Project given Orsted's position not to pursue the Project at this time. Ocean Wind LLC acknowledges it still has valid permits and approvals to allow the Project to be built in addition to the renewable energy lease issued by BOEM. Ocean Wind LLC also points out it is considering near and future-term steps regarding development and construction on the lease, including potentially selling the Project, which would necessarily include selling the federal permits and approvals Plaintiffs challenge in the instant action, or a developer could seek to amend the Project. The Court finds that, even in the face of the decision not to pursue the Project, Ocean Wind LLC still maintains significant protectable interest in the instant litigation. Should this Court grant Plaintiff's request for relief, the rights Ocean Wind LLC has over the Project, and the possibility for it to pursue the Project in the future, amend its terms, sell its rights to the Project, or otherwise, would be detrimentally affected, effectively diminishing the value of the approvals and permits Ocean Wind LLC has over the Project. Accordingly, the Court finds that Ocean Wind LLC has demonstrated a sufficient interest in this litigation.

Finally, Ocean Wind LLC's interests are not adequately represented by Defendants. The inadequacy of representation element requires Ocean Wind LLC to demonstrate that its "interests are not adequately represented by [Defendants]." *Virgin Islands*, 748 F.3d at 519 (quoting *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992)). Inadequate representation can be shown on one of three possible grounds:

> (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.

7

*Id.* at 519-20. The "burden of making that showing should be treated as minimal." *Mountain Top Condo. Ass'n*, 72 F.3d at 368 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Here, Ocean Wind LLC's interests are not adequately represented by Defendants because Defendants do not have an interest in protecting the economic and business interests that Ocean Wind LLC has in the Project. The Third Circuit has recognized that the government "represents numerous complex and conflicting interests," leaving "[t]he straightforward business interests asserted . . . [lost] in the thicket of sometimes inconsistent governmental policies." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 973-74 (3d Cir. 1998). Furthermore, courts across the country, including a court in this District, have recognized these "conflicting interests," and granted intervention as of right. *See, e.g., Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001) (granting intervention as of right to environmental organizations and tourism-related businesses in suit to invalidate Presidential proclamation establishing national monument due to financial stake in tourism that monument created and desire to further environmental and conservationist goals by preserving undeveloped nature of lands encompassed by monument); *PPL Energyplus, LLC v. Solomon*, No. 11-745, 2011 WL 13128622, at *3 (D.N.J. July 19, 2011) (granting intervention as of right to developer and operator of power plants with unique economic interests not represented by government's interest); *Nat. Res. Def. Council v. Costle*, 561 F.2d 912-13 (D.C. Cir. 1977) (allowing rubber and chemical companies to intervene as of right because their interest "is more narrow and focus[]ed than [the] EPA's" and their "participation in [the] defense of EPA decisions that accord with their interest may also be likely to serve as a vigorous and helpful supplement to [the] EPA's defense").

Accordingly, Ocean Wind LLC may intervene in thus litigation under Rule 24(a)(2). As such, the Court need not analyze whether intervention is permissible under Rule 24(b).

8

## **ORDER**

IT IS this 31st day of **May, 2024**, hereby

**ORDERED** that Ocean Wind LLC's Motion to Intervene and Defer Filing Answer (ECF No. 10) is **GRANTED**; and it is further

**ORDERED** that Ocean Wind LLC shall be added to this matter as a Defendant-Intervenor; and it is further

**ORDERED** that while the Court does not, at this stage in the litigation, impose restrictions on Ocean Wind LLC's participation in the instant litigation, the Court encourages Ocean Wind LLC to confer with Defendants on an as needed basis to avoid unnecessary or duplicative filings or briefings; and it is further

**ORDERED** that Ocean Wind LLC is to file a responsive pleading to Plaintiffs' Complaint by **July 1, 2024**; and it is further

**ORDERED** that Ocean Wind LLC, if it deems appropriate, may respond to Defendants' Motion to Dismiss (ECF No. 38) by **July 31, 2024**.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE