Gary P. Gengel (NJ Bar No. 009662003)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel.: (212) 906-1200
Email: gary.gengel@lw.com

Janice M. Schneider (*pro hac vice*)
Stacey L. VanBelleghem (*pro hac vice*)
Devin M. O'Connor (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel.: (202) 637-2200
Email: janice.schneider@lw.com
         stacey.vanbelleghem@lw.com
         devin.o'connor@lw.com

*Counsel for Intervenor-Defendant
Ocean Wind LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COUNTY OF CAPE MAY, et al., | Case No.: 1:23-cv-21201-KMW-SAK |
| *Plaintiffs*, | Judge Karen M. Williams |
| v. | Magistrate Judge Sharon A. King |
| UNITED STATES OF AMERICA, et al., | **INTERVENOR-DEFENDANT OCEAN WIND LLC'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT** |
| *Defendants*, and | |
| OCEAN WIND LLC, | |
| *Intervenor-Defendant*. | |

Intervenor-Defendant Ocean Wind LLC ("Ocean Wind") files this Sur-Reply in Further Opposition to Plaintiffs' Motion to Amend Complaint pursuant to this Court's order of November 6, 2024. ECF No. 54. For the first time in their reply in support of their Motion to Amend, Plaintiffs request that the court dismiss the case, without prejudice, and deny as moot their motion to amend their complaint. ECF No. 52 at 10. Although Ocean Wind disagrees with Plaintiffs' misrepresentations and reasoning for why dismissal is warranted, Ocean Wind nevertheless would stipulate to dismissal without prejudice in the interests of judicial efficiency.

In their reply, Plaintiffs erroneously conclude that dismissal is warranted because the Construction and Operations Plan "was based on the now-revoked New Jersey orders and easements" and the "Project can no longer be built as approved and permitted." ECF No. 52 at 7, 10. They wrongly assert that Ocean Wind 1, and all of its federal approvals, permits and entitlements, cannot be sold to another entity and mischaracterize the Federal Defendants' position, claiming that they "join[] the Government in asking that the case be dismissed because the federal permits, without the state approvals, are no longer operative and . . . any new developer would have to begin the permitting and approval process all over again." *Id.* at 3. Plaintiffs also incorrectly assert that certain entitlements are not assignable. *Id*. at 4. These claims are wrong as a matter of fact and of law. *See, e.g.*, 30 C.F.R. §§ 585.408-585.409 (lease assignment); *id*. §§ 585.411-585.412 (performance obligations upon assignment).[1] For example, contrary to Plaintiffs' statement (at 4) that "no provision in the documents" allow assignment, the challenged Army Corps permit on its face expressly allows transfers, simply requiring that each party sign the

---

[1] Plaintiffs ignore that it is possible a transaction could occur with an upstream sale of the project company, including its approvals which would remain with the project company, as opposed to transferring individual Project assets.

permit.[2]

As Ocean Wind has previously stated in this Administrative Procedure Act case, "[t]he settlement agreement and the [New Jersey Board of Public Utilities] order—which post-date all of the Federal approvals—have no impact (and do not purport to have any impact) on the Federal approvals issued for the Project." ECF No. 51 at 4.  Plaintiffs offer no legal authority or evidence suggesting otherwise in their reply.  Further, and contrary to the Plaintiffs' mischaracterization, the Federal Defendants have definitively stated that Plaintiffs' allegation "that the 'project can no longer be built' . . . is patently untrue."  ECF No. 50 at 7 (quoting ECF No. 49-1 at 8); *see also id.* at 6 ("Plaintiffs overstate things when they insist that Ocean Wind I is a 'Project that now no longer exists.'" (quoting ECF No. 49-1 at 5)).

Ocean Wind reiterates that the Federal approvals remain valid and in effect.[3]  Nonetheless, in light of Plaintiffs' new position that it now seeks dismissal without prejudice, the Court need not opine in an advisory opinion as to the validity of the federal entitlements, which is disputed between the parties and not conceded by Ocean Wind.  Given the Plaintiffs' new request, however, Ocean Wind does not object to dismissal without prejudice in the interests of judicial efficiency.

---

[2] U.S. Army Corps of Engineers, Ocean Wind 1 Clean Water Act Section 404 and Rivers and Harbors Act Section 10 Permit dated October 6, 2023, at 1, https://www.nap.usace.army.mil/Portals/39/docs/regulatory/Wind/Enclosure%20A%20Department%20of%20the%20Army%20Individual%20Permit.pdf?ver=vmCcIOWeAY6KVPyJir4QJQ%3d%3d ("The term "you" and its derivatives, as used in this permit, means the permittee or any future transferee."); *id.* at 13 ("To validate the transfer of this permit and the associated liabilities associated with compliance with its terms and conditions, have the transferee sign and date below.").

[3] While it is true that if a new developer were to purchase the Project and change the development plans, the existing permits may need to be amended, that speculative hypothetical scenario, however, does not undermine the value that the existing permits retain.

2

Dated: November 7, 2024                         Respectfully submitted,

<div style="margin-left: 3em;">

<u>/s/ Gary P. Gengel</u>
Gary P. Gengel (NJ Bar No. 009662003)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel.: (212) 906-1200
Email: gary.gengel@lw.com

Janice M. Schneider (*pro hac vice*)
Stacey L. VanBelleghem (*pro hac vice*)
Devin M. O'Connor (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel.: (202) 637-2200
Email: janice.schneider@lw.com
         stacey.vanbelleghem@lw.com
         devin.o'oconnor@lw.com

*Counsel for Intervenor-Defendant
Ocean Wind LLC*

</div>

3